17-2928-cr
United States v. Kuyumcu

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.            No. 17-2928-cr

ERDAL KUYUMCU,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    ELIZABETH M. JOHNSON, Law Office of Elizabeth M. Johnson, New York, NY.

FOR APPELLEE:    SARITHA KOMATIREDDY, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Erdal Kuyumcu appeals from a judgment of conviction in the District Court (Irizarry, J.) after a plea of guilty to one count of conspiracy to violate the International Emergency Economic Powers Act, 50 U.S.C. § 1705(a), (c). The District Court sentenced Kuyumcu principally to a term of 57 months' imprisonment. On appeal, Kuyumcu argues that his plea violated Rule 11(b)(3) of the Federal Rules of Criminal Procedure because there was an inadequate factual basis to support the elements of the charged offense. We assume the

2

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Because Kuyumcu never challenged the sufficiency of his guilty plea before the District Court, we review for plain error. Fed. R. Crim. P. 52(b); see United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009). Under plain error review, Kuyumcu must show an effect on his substantial rights—that is, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Although the sufficiency of a guilty plea is determined based on the record at the time of the plea, we consider the entire record of proceedings to determine whether there was an effect on substantial rights. See Garcia, 587 F.3d at 520.

Kuyumcu argues that his guilty plea allocution provided an insufficient factual basis for finding an agreement between Kuyumcu and his alleged co-conspirator in Turkey, intent on his part to export cobalt alloy to Iran, or an overt act in furtherance of that conspiracy. On plain error review, we are not persuaded.[1]

---

[1] Because Kuyumcu's challenge fails plain error review, we do not address the Government's arguments that Kuyumcu waived any challenge to the factual sufficiency of his plea for strategic reasons, or that 50 U.S.C. § 1705 does not require an overt act.

The record of the plea proceedings suggests that Kuyumcu's plea was sufficient to satisfy Rule 11(b)(3). Prior to the plea allocution, the District Court clearly explained that the charged offense required proof that Kuyumcu "knowingly and willfully" joined a conspiracy with the intent to export the cobalt powder to Iran. App'x 44. The District Court further explained that this meant that Kuyumcu must have "acted with full understanding of what [he was] doing" and "not as a result of any accident, carelessness, mistake or . . . confusion," id., that he must have "joined in [an] agreement" with at least one other person to export the cobalt to Iran while "understanding full well what [he was] doing," id. at 45, and that he must have "[done] something to carry that agreement forward," id. The District Court repeated that the charge required "an agreement" to commit the crime of exporting the cobalt alloy from the United States to Iran. See id. at 47–48, 50. After stating that he understood the elements of the offense with which he was charged, Kuyumcu admitted that he was hired by a Turkish company to source metal products in the United States and ship them to the company in Turkey; that, on two occasions in 2013, he facilitated the sale and shipment of a cobalt alloy coating powder from the United States to Istanbul; that, during the course of the second transaction, he

4

became "fully aware that the cobalt coating powder alloy that [he was] going to purchase" in the United States and ship to the Turkish company was "going to . . . a company in Iran," id. at 81; and that he completed the shipment anyway, knowing that doing so was illegal.   The District Court did not err in determining that Kuyumcu's allocution established an adequate factual predicate for all elements of the charged offense.

In any event, on plain error review, Kuyumcu cannot show that his substantial rights were affected.   Kuyumcu never objected to the factual sufficiency of his plea, nor did he move to withdraw it.   To the contrary, after his plea, Kuyumcu continued to acknowledge his guilt with respect to the second cobalt transaction, refusing only to do so with respect to the first transaction.   In his sentencing submission, for example, Kuyumcu specifically admitted that he learned that Iran was the intended destination during the negotiation phase of the second transaction, see Gov't App'x 40, 45, 53, and that he nevertheless made a "decision" to "knowingly sell to an Iranian end-user" and then "knowingly and willfully complete[d] the shipment," id. at 40 & n.3.   Under these circumstances, Kuyumcu has failed to show that there is a reasonable probability that he would not have pleaded guilty.

We have considered Kuyumcu's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court